Jai PIRTLE, Petitioner–Appellant,

v.

Don DEWITT, Warden, Respondent–Appellee.

No. 01–3505.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

### ORDER

Jai Pirtle, an Ohio prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Pirtle of aggravated burglary, aggravated robbery, and two counts of felonious assault. The court sentenced him to a total of twelve years of incarceration. The Ohio Court of Appeals

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

affirmed the convictions and sentences in December 1998, the Ohio Supreme Court denied review in May 1999, and the United States Supreme Court denied certiorari in October 1999. Pirtle filed a petition for a writ of habeas corpus in March 2000, raising one claim: "Mr. Pirtle's conviction was obtained in violation of his federal constitutional right to equal protection of the law because the trial court allowed the State to exercise a peremptory challenge to remove a black juror for a reason that was not race neutral." The state filed a return of the writ with exhibits from the state court record and Pirtle filed a traverse. The magistrate judge recommended denying the petition on the merits. The district court adopted the magistrate judge's report and recommendation over Pirtle's objections and denied the petition. The court granted a certificate of appealability on Pirtle's only claim.

In his timely appeal, Pirtle argues that he was denied a fair and impartial trial due to race discrimination.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

Upon review, we conclude that the district court properly denied Pirtle's petition. Pirtle, who is black, claimed that his conviction violated his right to equal protection because the prosecutor exercised a peremptory challenge to remove the only black juror from the jury panel. The prosecutor explained that he struck the juror because he detected a high degree of resentment of police on the juror's part. The trial court accepted the state's reason and excused the juror. Relying on *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Ohio Court of Appeals affirmed the trial court's decision. The court found that the record supported the trial court's determination that the prosecutor offered a race-neutral explanation for challenging the black juror.

Pirtle did not rebut, by clear and convincing evidence, the presumption that the state court's factual findings were correct, *see* 28 U.S.C. § 2254(e)(1); *Warren,* 161 F.3d at 360–61, nor were the state courts' decisions unreasonable applications of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 412, 120 S.Ct. 1495. First, it is undisputed that Pirtle is a member of a racial group, that the prosecution removed a member of this racial group, and that circumstances raised an inference that the challenge was motivated by race. *See Batson,* 476 U.S. at 96–97, 106 S.Ct. 1712.

Second, the prosecution's race-neutral explanation was facially valid. *See Purkett v. Elem,* 514 U.S. 765, 767–69, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Peremptory strikes based on a juror's perceived hostility to law enforcement are permissible. *See, e.g., Caldwell v. Maloney,* 159 F.3d 639, 653 (1st Cir.1998);

*United States v. Gibson,* 105 F.3d 1229, 1232 (8th Cir.1997). Moreover, the fact that a juror's hostility to police is based on race does not mean that a decision to strike such a juror is based on race. *Tolbert v. Gomez,* 190 F.3d 985, 989 (9th Cir.1999); *United States v. Carter,* 111 F.3d 509, 512 (7th Cir.1997). The prosecutor's explanation for striking the juror was not inherently discriminatory.

Finally, the district court properly deferred to the state court's conclusion that Pirtle did not establish purposeful discrimination. *See Purkett,* 514 U.S. at 767–69, 115 S.Ct. 1769. Pirtle's trial counsel objected to the prosecution's strike because the venire would be all white, but did not point to any other indication that the prosecutor's decision was based on race. The prosecutor came forward with a facially valid race-neutral explanation, and the state court's assessment of the prosecutor's credibility is entitled to deference. *See* 28 U.S.C. § 2254(e)(1); *Hernandez v. New York,* 500 U.S. 352, 364–65, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Accordingly, Pirtle has not established that he was denied equal protection.

For the foregoing reasons, we affirm the district court's order denying Pirtle's petition for a writ of habeas corpus. Rule 34(j)(2)(C), Rules of the Sixth Circuit.